PER CURIAM:
 

 Appellant Yanks filed a voluntary petition under Chapter 11 in the United States Bankruptcy Court. In due course a trustee for the estate was appointed and Harold D. Moorefield, Jr. was appointed as attorney for the trustee. Numerous actions of the debtor Yanks led the bankruptcy judge to certify to the district court the question of whether the actions of debtor Yanks warranted punishment as a criminal contempt. The attorney for the trustee was appointed to prosecute the criminal contempt charges in the district court. Yanks was convicted of criminal contempt and sentenced. Yanks appeals to this court.
 

 The appointment of counsel in this case was entered without benefit of the recent Supreme Court decision in
 
 Young v. United States ex rel Vuitton et Fils, S.A.,
 
 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987). We conclude that
 
 Young
 
 controls the resolution of this case and requires reversal. It is clear from the facts of this case that in the bankruptcy proceedings the trustee was in an adversarial position as compared to the debtor Yanks, and was a beneficiary of the bankruptcy court order, the violation of which was the subject
 
 *498
 
 of Yanks’ contempt prosecution. Thus, the attorney for the trustee, who was appointed in this case to prosecute the contempt, was counsel for a party who was a beneficiary of the court order which was the subject of the contempt charges. Under
 
 Young,
 
 107 S.Ct. at 2128, he could “not be appointed to undertake contempt prosecutions for alleged violations of that order.”
 

 Young
 
 indicates that a court ordinarily should first request that the appropriate prosecuting authority undertake prosecution of the contempt action, and should appoint a disinterested private prosecutor only if that request is denied. 107 S.Ct. at 2134.
 

 Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
 

 REVERSED and REMANDED.